IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YANCEY BAILEY | : |
| Plaintiff | : |
| v | : Civil Action No.: CCB-05-169 |
| OFFICER FRANCE | : |
| Defendant | : |

.. o0o ..

**<u>MEMORANDUM</u>**

Now pending in this case is defendant's Motion to Dismiss or for Summary Judgment. Paper No. 8. Plaintiff was advised of his right to file a Response to the dispositive motion and of the consequences of failing to do so. Paper No. 9. Plaintiff has, however, failed to file a response opposing the defendant's motion. For the reasons that follow defendant's motion, construed as a motion for summary judgment, shall be granted.

Plaintiff alleges that on November 30, 2004, Officer France[1] bent plaintiff's wrist while it was in the feed up slot of his cell door, causing injury. Paper No. 1. He seeks $24,000 in damages. *Id*. In the unopposed Motion for Summary Judgment, defendant asserts that on November 30, 2004, plaintiff received a notice of infraction for pulling Officer Frantz's arm through the feed up slot of plaintiff's cell door. *See* Paper No. 8 at p. 2 (incorporating by reference factual allegations contained in Paper No. 10 at pp. 3–5 in *Bailey v. Custer, et al.*, Civil Action CCB-04-4011). Officer Frantz was returning plaintiff from the showers to his cell in the disciplinary segregation unit when the incident occurred. *Id*.

---

[1] Officer France's name was apparently misspelled in the initial pleadings filed in this case. The correct spelling of defendant's name is Gary Frantz. The Clerk will be directed to correct the docket sheet in this case to accurately reflect defendant's name.

After plaintiff was placed in his cell, Officer Frantz closed the door and opened the feed up slot in the door so that plaintiff's handcuffs could be removed. *Id*. Officer Frantz had just removed the handcuff from plaintiff's left wrist when plaintiff forcefully pulled his arm through the feed up slot, bringing defendant's arm with him. *Id*. Defendant was assisted by another officer, Officer Dorcon, in extracting defendant's arm out of the slot. *Id*. A third officer arrived to assist Officer Dorcon in removing plaintiff's right handcuff. *Id*. As a result of the incident, Officer Frantz received an abrasion to his left wrist. *Id*. Plaintiff was escorted to the medical unit for examination and treatment of a superficial scrape to his right wrist. *Id*. No bleeding, swelling or bruising was noted during the examination. *Id*. Plaintiff was subsequently issued a Notice of Institutional Infraction for violating Rules 101 and 116[2]. *See Id*. at Ex. 3. During the adjustment hearing plaintiff pled guilty to violating Rule 101. Sanctions, including 200 days of segregation, loss of 200 days good conduct credit, (reduced by the warden to 150 days segregation and no loss of good conduct credit) and loss of one year of visitation, were imposed. *Id*.

## I. Standard of Review

### Motion for Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved

---

[2] Rule 101 prohibits inmates from engaging in acts of violence toward staff. Rule 116 prohibits inmates from possessing, misusing or otherwise tampering with security equipment. Division of Correction Directive ("DCD") 105-5, App. 1.

only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

**II    Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986). The undisputed facts in this case establish that the only force used against plaintiff was in response to his assault on a correctional officer. The response by correctional officers was reasonable in light of plaintiff's refusal to discontinue his assault on Officer Frantz. In light of the absence of any significant injury to plaintiff, as well as the undisputed affidavit establishing plaintiff's assault on Officer Frantz, there is no evidence to support a finding of an Eighth Amendment violation in this case.

Accordingly, by separate Order which follows, defendant's motion for summary judgment will be granted and judgment entered in defendant's favor.


| __May 27, 2005__ | _____/s_____ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |